## Case No. 1,576.

### In re BLUMENTHAL.

[18 N. B. R. 575.][1]

District Court, S. D. New York. Dec. 28, 1878.

BANKRUPTCY—PROPER BOOKS OF ACCOUNT.

The bankrupt carried on the business of butchering as agent and salesman for one S. under a contract which provided that he should account daily with S. and pay over the moneys received until S. was reimbursed for his outlay. The transactions between the bankrupt and S. were entered daily by the bookkeeper of S. in a passbook, which was kept in the bankrupt's possession. *Held*, that such passbook was one of the bankrupt's books, and a proper book within the meaning of the statute.

[In bankruptcy. In the matter of Isaac Blumenthal. A discharge was heretofore denied. Case No. 1,575. The cause is now heard upon further proof. Discharge granted.]

[1] [Reprinted by permission.]

Gardner & Goodhart, for bankrupt.

Larhed & Warren, contra.

CHOATE, District Judge. In this case a discharge was refused upon the ground that the bankrupt did not keep proper books of account. [Case No. 1,575.] Upon the argument it had been conceded that the transactions between the bankrupt and Samuels & Co. did not appear upon the bankrupt's books. It was claimed that these transactions were not to be considered a part of the bankrupt's business for the purpose of the requirement of the statute in this respect; but it was held that they were so, and consequently the discharge was refused. Upon a suggestion that the concession made by counsel upon the argument was made under a misapprehension as to the facts, the case was referred back for further proof.

As the debt of Samuels & Co. was necessary to make up the requisite number of creditors assenting to the discharge, and their claim was disputed, it was also referred to the register to take further proof as to their claim, the parties stipulating that so far as it affected the question of discharge the determination shall have the same effect as upon proceedings for re-examination of their claim.

The further testimony taken shows that the admission made at the former hearing was a mistake; that the transactions between the bankrupt and Samuels & Co. appear on his books. One of those books is a small pass-book, produced by him to Samuels & Co. from day to day, in which the bookkeeper of Samuels & Co. entered the transactions as they occurred. This book was kept in the bankrupt's possession. It was one of his books, and a proper book within the meaning of the statute. Besides, the same transactions appeared in the cash book up to September 21, 1876, and after that time in the ledger kept by the bankrupt.

As to the claims of Samuels, there is no evidence which overcomes their proof of debt. On the contrary, the testimony both of the bankrupt and the accountant who has been over the books confirms it. Under the agreement between the parties the bankrupt was bound to repay to Samuels & Co. all the moneys received from them for the purchase of cattle. He did not do so, and owes them therefor.

Discharge granted.